**No. 69589.**—Air-Sea-Forwarders and Wholesale Business Machines et al. v. United States, protests 61/13437, etc. (Los Angeles).

FORD, Judge: The cases listed in schedule "A," annexed hereto and made a part hereof, constitute a retrial of the case of *Clary Corp. et al.* v. *United States*, 48 Cust. Ct. 416, Abstract 66690, wherein certain machines identified by the number 2361, were held to be properly subject to classification as calculating machines specially constructed for multiplying and dividing under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the Sixth Portocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

The present cases involve these identical machines, number 2361, and an additional machine identified as number 8561. These machines were classified as adding machines under the provisions of paragraph 353 and, in some instances, under the same provisions of paragraph 372 of the Tariff Act of 1930, both paragraphs as modified by said sixth protocol, *supra*, and duty was assessed thereon at the rate of 12½ per centum ad valorem. The contention of plaintiffs herein is the same as that in the *Clary* case, *supra*, namely, that said machines are calculating machines specially constructed for multiplying and dividing and, as such, dutiable at the rate of 10½ per centum ad valorem under the provisions of paragraph 353 or paragraph 372, either paragraph, as modified, *supra*.

The pertinent portions of the statutes involved herein provide as follows:

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 54108, *supra*:

Articles having as an essential feature an electrical element or device, such as * * *, finished or unfinished, wholly or in chief value of metal, and not specally provided for:
Adding machines having an electric motor as an essential feature _____ 12½% ad val.

Paragraph 372 of the Tariff Act of 1930, as modified by T.D. 54108, *supra*:

Machines, finished or unfinished, not specially provided for:
 Adding machines_____ 12½% ad val.

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

Articles having as an essential feature an electrical element or device, such as * * * finished or unfinished, wholly or in chief value of metal, and not specially provided for:

 *  *  *  *  *  *  *

 Calculating machines specially constructed for multiplying
  and dividing, and having an electric motor as an essential
  feature _____ 10½% ad val.

Paragraph 372 of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

Machines, finished or unfinished, not specially provided for:

 *  *  *  *  *  *  *

 Calculating machines specially constructed for multiplying
  and dividing; * * *_____ 10½% ad val.

The record in the instant case consists of the testimony previously adduced in the *Clary* case, *supra*, which is incorporated herein, plus the additional testimony of Duval N. Smith, called on behalf of defendant. In addition thereto, a brochure was received in evidence as plaintiff's exhibit 4, illustrating and identifying machine number 8561, as well as the slip of paper, received in evidence as defendant's exhibit B, on which the calculations were performed by Mr. Smith on the Olivetti machine. It was also stipulated by and between counsel for the respective parties that item number 2361 in the present case is identical to the identical number 2361 in the incorporated case, and that item number 8561, covering the other machine, performs the same function in the same manner as machine number 2361, but is not the same in all material respects. Plaintiffs further limited the protest to these two item numbers and abandoned their claim as to all other machines.

The record in the incorporated case was set forth in our opinion in the *Clary* case, *supra*, as follows:

The only testimony regarding the operation of the machines was given by Harvey H. Rich, president of the Elite Office Equipment Co., which sells adding and calculating machines, and owner of Wholesale Business Machines, which distributes the Totalia adding and calculating machines in certain areas of this country. The witness has been handling adding and calculating machines for some 15 years, having sold and repaired them during that time. For the past 5 years, he has become familiar with the operations of the product in question by studying and selling it.

Plaintiffs also called Fred B. Bonilla who, for 5 years, has been administrative director of the Clary Corp., which manufactures adding machines and cash registers and imports and distributes calculating machines. His firm has sold and distributed the machine in question for 5 years.

Plaintiffs' exhibit 1 consists of a pictorial representation and keyboard of the imported machine, labeled "Clary Model 401." Plaintiffs' exhibit 3 is identified as an operator's manual. Containing an illustration of a "Totalia" machine. Mr. Rich testified that he sold the machine illustrated in exhibit 1 under both the "Totalia" and the "Clary Model 401" labels. The merchandise described on the invoices as "Printing Calculators Model No. 2361" was identified by Mr. Bonilla as being exactly identical to the "Clary Model 401" (R. 6), the only distinction being in the labels (R. 10). The 2361, which is sold by the manufacturer under his own label of "Totalia" (R. 10), has the Clary label attached to the model when imported by the Clary Corp. (R. 7).

In demonstrating the operation of the machine, upon cross-examination, Mr. Rich caused it to multiply 12 times 12 by depressing the number 1 and number 2 keys twice, the X button, and the equal button, and then the machine auto-

matically arrived at the product. Replying to a question by Government counsel, the witness testified that in order to reach the result obtained, the machine did not add 12 times.

In demonstrating the division of 486 by 13, the witness entered 486 into the machine, depressed the X key, entered the reciprocal of 13 which was obtained from a table of reciprocals in the operator's manual, and hit the equal key to arrive at the answer.

The witness also stated that no special training was needed to operate the machine, which could be used by an unskilled operator.

Mr. Smith, a sales supervisor for the Underwood-Olivetti Corp., identified a machine manufactured by his corporation and known as a printing calculator, which he stated performs the functions of addition, subtraction, multiplication, and division directly. The witness then demonstrated to the court as an example, the division of 12 into 144 which was accomplished by entering 144 into the machine, pushing the "D" on the add bar, then entering 12 into the keyboard, and depressing the divide key, resulting in the printed answer of 12. Mr. Smith further testified that an equivalent to a division answer can be accomplished by means of reciprocals obtained from a reciprocal chart; that, by using such method, the machine does not directly divide, but is actually multiplying; that the same problem could be accomplished by using the reciprocal of 12, which is 0.0833. The witness then demonstrated this method of division by entering 833 in the multiplier unit and depressing the times key, and then, by entering 144 in the machine, depressing the multiplying equals key, he arrived at the answer of 11.9952, which is equivalent to 12.

Based upon this record and particularly our opinion in the *Clary* case, *supra*, the plaintiffs contend that the protests should be sustained.

Defendant contends the division function of the involved machines is performed by an indirect method. They are conceded to be more than adding machines since they are specially constructed for use in multiplying but are not within the purview of the provision sought by plaintiffs since they possess no special feature for dividing. Defendant seeks to distinguish as inapplicable the decision in *Plus Computing Machines, Inc.* v. *United States*, 44 CCPA 160, C.A.D. 655, as a machine different in structure and principle from the machines involved herein. In the *Plus* case, *supra*, the decision indicates the witnesses testified that the machines contained certain parts which were not necessary for addition or subtraction but were designed for efficient multiplication and division and that the machines in the *Plus* case, *supra*, used complements which complements appeared on the keyboard. It is urged that the imported machines divide by using a system of reciprocals which must be obtained from a reference list.

In the *Plus* case, *supra*, the court of appeals made the following observation, which we believe also applies in this instance:

It is argued by the Government that since it is necessary to use the system of complements when using Exhibit 1 for division, the machine does not actually divide. However, none of the machines described in the record can carry out division or multiplication without the performance of certain selective steps by the operator. Accordingly, while the operation of Exhibit 1 may require somewhat more thought and training than that of Exhibit 3, we think that both machines may be properly said to multiply and divide.

The additional testimony herein does not, in our opinion, necessitate a departure from our decision in the *Clary* case, *supra*. For the reasons set forth in the *Clary* case, *supra*, we are of the opinion that machine numbers 2361 and 8561 are properly subject to classification under the provisions for calculating machines specially constructed for multiplying and dividing as set forth in paragraph 353 or 372, *supra*, at the rate of 10½ per centum ad valorem.

Judgment will be entered accordingly.